■ Farm Family Mutual Insurance Company, Respondent, v Jacqueline Nass et al., Appellants. Allstate Insurance Company, Third-Party Defendant-Respondent, et al., Third-Party Defendant.—In an action for a judgment declaring, inter alia, that the plaintiff-insurer fulfilled its contractual obligation to pay first-party benefits to the defendants third-party plaintiffs, and has no further obligation to pay first-party benefits to them, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (McCarthy, J.), entered January 9, 1990, as granted that relief.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

On February 24, 1982, Jacqueline Nass, while a pedestrian in New Jersey, was severely injured when she was struck by two automobiles. Nass, a resident of New York, was covered under an automobile policy issued by the plaintiff to her mother, who was also a New York resident. The policy covered an automobile which was principally garaged in New York. Since the New York automobile which was insured by the plaintiff was not being "used or operated" in the State of New Jersey at the time of Nass's accident in that State, Insurance Law § 5103 (e) is not applicable to the case at bar. Accordingly, the plaintiff has satisfied its contractual obligation to the appellants.

We are aware of a contrary holding in Smith v Nationwide Mut. Ins. Co. (145 Misc 2d 318), and find its reasoning to be unpersuasive. Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.